UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CAROL REEVES, | § § § | |
| Plaintiff, | § § | EP-14-CV-00187-DCG |
| v. | § § | |
| WELLS FARGO BANK, NA; and JOHN DOES, 1-25. | § § § | |
| Defendants. | § § § | |

## ORDER

Presently before the Court are Plaintiff Carol Reeves' ("Plaintiff") "Motion for Entry of Default" ("Motion for Default Judgment") (ECF No. 9), filed on July 9, 2014,[1] and Defendant Wells Fargo Bank, N.A.'s ("Defendant") "Motion to Dismiss and Brief in Support" ("Motion to Dismiss") (ECF No. 10), filed on July 10, 2014. After careful consideration of the motions, the responses and replies, the record, and the applicable law, the Court enters the following order.

## I. BACKGROUND[2]

On or about April 15, 2004, Fern Gillespie ("Gillespie") executed a note in the principal sum of $62,583.00 in favor of PlainsCapital McAfee Mortgage Company (the "Note").[3] *See* Mot. Dimiss, Ex. K. On the same date, Gillespie executed a Deed of Trust in favor of PlainsCapital McAfee Mortgage Company, as Lender, and Mortgage Electronic Registration

---

[1] The Court refers to Plaintiff's "Motion for Entry of Default" and the "Affidavit in Support of Motion for Entry of Default" filed by Plaintiff jointly as "Motion for Default Judgment." Citations to this motion refer to the ECF pagination.

[2] This Background section draws from previous orders and opinions from the Western District of Texas and the Fifth Circuit Court of Appeals, attached as exhibits to Defendant's Motion to Dismiss.

[3] Gillespie, then known as Fern Stevenson, is Plaintiff's mother. First Amend. Compl. 4.

Systems, Inc. ("MERS"), as nominee for Lender, secured by a certain piece of real property located at 2500 Penwood Drive, El Paso, Texas 79935 (the "Property"). *Id.*, Ex. L.

On July 29, 2004, PlainsCapital McAfee Mortgage Company endorsed the Note to Defendant Wells Fargo without recourse. *Id.*, Ex. D at APP. 19.[4] Gillespie began making timely monthly payments on the Note to Wells Fargo beginning in August 2004. *Id.*

In 2007, Gillespie filed a quitclaim deed with the El Paso County Clerk purporting to convey whatever right, title or interest she held in the Property to Plaintiff Carol Reeves ("Reeves" or "Plaintiff"). *Id.*, Ex. M. Beginning in late 2009, Gillespie ceased making timely payments on the Note. *Id.*, Ex. D at APP. 20. As a result, on February 7, 2010, Wells Fargo provided notice to Gillespie that the Note was in default and indicated to her that the Note would be accelerated should she fail to cure the default. *Id.*, Ex. E at APP. 43. Gillespie failed to cure the default. *See id.* On April 30, 2010, counsel for Wells Fargo notified Gillespie that the Note had been accelerated and the Property would be sold at a foreclosure sale on July 6, 2010. *Id.*

On June 28, 2010, Reeves and Gillespie filed a suit to halt the foreclosure. *Id.*, Ex. E at APP. 44. On July 2, 2010, United States District Court Judge Kathleen Cardone denied Reeves and Gillespie's request to stay the foreclosure. *Id.* The Fifth Circuit Court of Appeals affirmed Judge Cardone's decision on June 27, 2011. *Id.* On March 5, 2012, MERS executed a document entitled "Corporate Assignment of Deed of Trust," which assigned to Wells Fargo MERS' "beneficial interest under the Deed of Trust." *Id.* On May 11, 2012, Judge Cardone entered summary judgment against Reeves and Gillespie. *Id.* On November 8, 2013, the Fifth Circuit issued a judgment affirming the district court's ruling. *Id.*, Ex. E at APP. 41–51.

On June 13, 2013, Reeves filed a second suit in the El Paso County Court at Law Number 7, seeking declaratory relief and seeking to quiet title to the Property in her name, which was

---

[4] Citations to Defendant's exhibits refer to the pagination submitted by Defendant.

removed to this Court. *See id.*, Ex. F. On June 27, 2013, Plaintiff filed an emergency motion for a Temporary Restraining Order and Motion to Stay, which was denied. *Id.*, Ex. G. On July 2, 2013, a Substitute Trustee proceeded with a non–judicial foreclosure sale of the Property. *Id.*, Ex. O. On July 24, 2013, Plaintiff filed a Motion for Voluntary Dismissal and, on August 9, 2013, this Court granted Plaintiff's motion dismissing all of Plaintiff's claims without prejudice. *Id.*, Ex. H.

On September 9, 2013, Plaintiff filed a third suit in the El Paso County Court at Law Number 6, seeking to quiet title to the Property in her name and alleging claims for wrongful foreclosure and intentional infliction of emotional distress. *Id.*, Ex. I. On October 10, 2013, that suit was removed to this Court, and on April 14, 2014, this Court granted a motion dismissing Plaintiff's claims without prejudice. *Id.*, Ex. J.

On April 30, 2014, Plaintiff filed a fourth suit in the El Paso County Court at Law Number 3, which was removed to this Court on May 20, 2014, alleging claims for wrongful foreclosure and intentional infliction of emotional distress. *See* Notice of Removal, Ex. B–2, ECF No. 1–5. On June 9, 2014, Defendant filed a motion to dismiss Plaintiff's Original Petition. ECF No. 5. On June 19, 2014, Plaintiff amended her Original Petition and filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 7. On July 9, 2014, Plaintiff filed the instant Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(a). On July 10, 2014, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

### A. *Default Judgment*

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff requests the Court to "enter a default judgment against the defendants for failure to answer the complaint." Mot. Default Judgment 6. Federal Rule of Civil Procedure 55(a) requires the Clerk of the Court to enter a party's default if that party "has failed to plead or otherwise defend" an action, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Court therefore construes Plaintiff's "Motion for Entry of Default" as an application for entry of default under Federal Rule of Civil Procedure 55(a) and a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter a default judgment against a party who "has failed to plead or otherwise defend" a claim against it. Fed. R. Civ. P. 55(b)(2). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). But a party "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). The entry of default judgment is generally committed to the discretion of the district judge. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes and citations omitted). Thus, default judgments are available "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

*B. Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When faced with a Rule 12(b)(6) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id.* Courts must consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff is a pro se litigant. As such, Plaintiff's pleadings are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court first considers Plaintiff's Motion for Default Judgment, followed by Defendant's Motion to Dismiss.

### A. *Plaintiff's Motion for Default Judgment*

Plaintiff's Motion for Default Judgment alleges that Defendant "failed to plead or otherwise defend [the lawsuit] within the time allowed" and that Defendant is therefore in default. Mot. Default Judgment 5. Specifically, Plaintiff seeks "entry of a default judgment because [Defendant] failed to answer the first amended complaint." Pl.'s Mem. Further Support Mot. Default 1, ECF 12. Plaintiff filed her First Amended Complaint on June 19, 2014, and service was effected on June 20, 2014. *See* ECF No. 7. As Plaintiff notes, the general rule is that Defendant had fourteen days after service of the pleading, or July 7, 2014,[5] to file its response. *See* Fed. R. Civ. P. 15(a)(3). Defendant did not respond to Plaintiff's First Amended Complaint until July 10, 2014. *See* ECF No. 10.

Defendant claims that it was not obligated to file a responsive pleading to Plaintiff's First Amended Complaint by July 7, 2014, because (1) it filed a timely motion to dismiss Plaintiff's Original Petition on June 9, 2014,[6] and (2) "Plaintiff's First Amended Complaint suffers from the same fatal defects as Plaintiff's Original Complaint." *See* Def.'s Opp. to Pl.'s Mot. Entry Default 3, ECF No. 11. Whether Federal Rule of Civil Procedure 15(a)(3) imposes a duty to respond to an amended complaint when a defendant has timely responded to the original complaint is not a settled question. *Compare Johnson v. Berry*, 228 F. Supp. 2d 1071, 1079

---

[5] The actual deadline for Defendant's response would have been Friday July 4, but this deadline is extended to account for the legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

[6] Plaintiff does not dispute the timeliness of Defendant's first motion to dismiss.

(E.D. Mo. 2002) ("The last sentence of [Rule of Civil Procedure] 15(a) requires a party to plead in response to an amended pleading. No option is given merely to stand on preexisting pleadings made in response to an earlier complaint."), *with Applin v. Deutsche Bank Nat. Trust*, No. CIV.A. H–13–2831, 2014 WL 1024006, at *2 (S.D. Tex. Mar. 17, 2014) ("Where there is a pending motion to dismiss, but during the pendency of that motion, an amended complaint is filed, the court may apply the pending motion to dismiss to the amended complaint." (citing *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011); Fed. Prac. & Proc. § 1476 (3rd ed. 1998))). However, even if the Federal Rules of Civil Procedure imposed on Defendant a duty to respond to Plaintiff's First Amended Complaint within a prescribed timeline, the drastic remedy Plaintiff seeks is not warranted here.

Plaintiff is not entitled to a default judgment as a matter of right, even if Defendant is technically in default. *See Lewis*, 236 F.3d at 767. In this case Plaintiff has made no showing that that the three–day delay caused her any prejudice. *See Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL–CIO*, 726 F.2d 166, 168 (5th Cir. 1984) (finding no abuse of discretion in denial of motion for default judgment where movant had not "made any showing of prejudice as a result of defendant's delays" and where claim was only based on defendant's failure "to meet a procedural time requirement"). Further, Rule 55 addresses idle parties who fail "to plead or otherwise defend" claims against them. *See* Fed. R. Civ. P. 55. Here, Defendant has successfully defended three lawsuits brought by Plaintiff in connection with the Property, *see* Motion to Dismiss 2–3, and timely removed this lawsuit to federal court. And despite the alleged three–day delay, Defendant has defended this lawsuit by filing two motions to dismiss, ECF Nos. 5, 10, a proposed scheduling order, ECF No. 14, and oppositions to all of Plaintiff's motions, ECF Nos. 11, 20, 22, 29. The adversary process has not been halted and Defendant has not otherwise been an "unresponsive party." *See Sun Bank of*

*Ocala*, 874 F.2d at 276. A default judgment is not warranted under these circumstances. Plaintiff's Motion for Default Judgment is therefore denied.

### B. *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint*

Defendant's Motion to Dismiss challenges the following causes of actions as alleged in Plaintiff's First Amended Complaint: (1) Wrongful Foreclosure; (2) Violations of the Texas Debt Collection Act ("TDCA" or "the Act") § 392.301; (3) Economic Loss; and (4) Legal Abuse Syndrome. Mot. Dismiss 3. Each of these causes of action is addressed individually below. Because the First Amended Complaint superseded the Original Petition, the Court does not consider Plaintiff's Original Petition in evaluating Defendant's Motion to Dismiss.

### 1. Wrongful Foreclosure

To pursue a claim for wrongful foreclosure, Plaintiff must assert: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston 1989, writ denied)). These elements are analyzed below.

### a. *Defect in Foreclosure Sale Proceedings*

Plaintiff alleges that a defect occurred in the Property's foreclosure sale proceedings, because Defendant failed to comply with the notice provisions of Texas Property Code § 51.002 ("Section 51.002"). *See* First Amend. Compl. 2, 4–10. Section 51.002 states that:

> (b) Except as provided by Subsection (b–1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

>    (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>
>    (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>
>    (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

Tex. Prop. Code § 51.002. Specifically, Plaintiff alleges that: (1) a notice of the sale was not "posted on the El Paso courthouse door or on the bulletin board where such notices are customarily displayed"; (2) a copy of the notice of sale was not filed in the courthouse records; and (3) Gillespie was not provided notice of the sale. *See* First Amend. Compl. 6–7.

Defendant argues that these allegations were rejected by the Court when it dismissed Plaintiff's claim for wrongful foreclosure in *Reeves v. Wells Fargo, et. al.*, EP–13–CV–318–DCG (W.D. Tex. 2014). Mot. Dismiss 7. Plaintiff's allegations in that action, however, are distinct from those included in her present First Amended Complaint. In fact, her allegations have been specifically remedied to address the failings noted by the Court in its previous order.

The Court's order granting dismissal in *Reeves* contains two findings regarding Section 51.002 that are relevant to the present action. The first finding is that Section 51.002 allows a notice of sale to be posted on the courthouse door *or* in other common areas of the courthouse. Thus, Plaintiff's allegation in *Reeves* that a notice of sale was not posted on the courthouse door was insufficient to establish a claim for wrongful foreclosure.[7] The second relevant finding is that Defendant was entitled to provide notice of the sale at Gillespie's last known residence, if Defendant had not been notified in writing about an address change. Therefore, Plaintiff's

---

[7] *See Reeves*, Civ. A. No. EP–13–CV–318–DCG, at 14–15 (order granting defendant's motion to dismiss), ECF No. 44.

allegation that a notice of sale was not sent to Gillespie at her then–current address in Iowa was also insufficient in that case to establish a claim for wrongful foreclosure.[8]

The First Amended Complaint in this action, however, specifically address these two shortcomings. Plaintiff alleges that Defendant was notified in writing about Gillespie's change of address, but no notice of *sale* was sent to the new address (or any address). *See* First Amend. Compl. 6–7. Concerning the requirement that a notice of sale be posted at the courthouse door, Plaintiff now alleges that "[n]o notice was posted on the El Paso courthouse door or on the bulletin board where such notices are customarily" displayed. First Amed. Compl. 7. Therefore, Plaintiff has sufficiently alleged a defect in the foreclosure proceedings.

b. *Grossly Inadequate Selling Price & Causal Link to Defects in Sale Proceedings*

Defendant also argues that "even if Plaintiff's [First Amended] Complaint adequately describes a defect in the foreclosure proceedings, [Plaintiff] wholly fails to plead sufficient facts tending to show that such defect causally contributed to a grossly inadequate sales price." Mot. Dismiss 8. Plaintiff's First Amended Complaint does include an assertion, however, that the accepted bid of $74,700 was an inadequate selling price, because "given the extensive improvements, new kitchen, new bathroom, central air, new doors, full back porch and backyard garden and landscaping . . . the true market value was . . . $140,000." First Amend. Compl. 7–8. Plaintiff further asserts that "this low price was a direct result of improper steps taken" in the sale, and that "the failure to follow the steps in § 51.002 . . . prevented potential purchasers from knowing of the sale, and seemed to bewilder and confuse those few buyers" who attended. *Id.* at 8, 10.

To survive a motion to dismiss, a complaint is not required to provide detailed factual allegations; rather it must only include "enough facts to state a claim to relief that is plausible on

---

[8] *See id.* at 13.

its face." *Twombly*, 550 U.S. at 555, 570. "The statutory notice provisions of [Section 51.002] seek to not only protect the debtor by affording him a lengthy notice period in which he may cure, but also adequately inform the third party public in order to maximize the likelihood of a profitable public sale at market value in which the debtor may recover his equity in his property." *See Magers v. Bank of America*, Civ. A. No. EP–12–CV–00368–DCG, 2013 WL 705545, at *4 (W.D. Tex. 2013) (quoting *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W. 2d 672, 674–75 (Tex. 1987)). Because the very purpose of Section 51.002's notice provisions is to encourage potential bidders to attend a sale and drive up the sale price of a home, it is plausible that, as Plaintiff suggests, a failure to comply with those provisions could drive down the number of bidders and thereby the sale price. Plaintiff's First Amended Complaint is therefore sufficient to state a claim for wrongful foreclosure.

### 2. Violations of the Texas Debt Collection Act

"Section 392.301(a)(8) [of the TDCA] prohibits a debt collector from using threats, coercion, or attempts to coerce by 'threatening to take an action prohibited by law.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (per curiam) (quoting Tex. Fin. Code § 392.301(a)(8)). To pursue a claim under the TDCA, Plaintiff must assert that: (1) the debt at issue is a consumer debt; (2) Defendant is a debt collector within the meaning of the TDCA; (3) Defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of Defendant's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).

#### a. Plaintiff's Allegations

The First Amended Complaint does not explicitly plead elements one and two of this cause of action: that the debt at issue is a consumer debt or that Defendant is a debt collector under the Act. However, construing Plaintiff's First Amended Complaint liberally and reading

the document in its entirety, such allegations are included. *See* Tex. Fin. Code §§ 392.001(2) (defining "consumer debt"); 392.001(6) (defining "debt collector"). Regarding elements three and four—that Defendant committed a wrongful act in violation of the TDCA and that the wrongful act was committed against Plaintiff—Plaintiff's First Amended Complaint alleges that "the substitute trustee knowingly disregarded the necessary notices in §51.002, and [Defendant] knew this and yet knowingly allowed its agent to threaten[] to 'put [Plaintiff] out on the street' unless [Plaintiff] took a few hundred dollars and moved from her home." First Amend. Compl. 11. Finally, concerning element five—that Plaintiff was injured as result of Defendant's wrongful act—Plaintiff alleges that as "a direct consequence of the unlawful . . . attempts to forcibly evict her, [Plaintiff] suffers from extreme post[–]traumatic stress symptoms [and other specific maladies]." *Id.* at 9 (listing various additional disorders and illnesses).

b. *Defendant's Motion*

Defendant's Motion to Dismiss argues that Plaintiff's TDCA claim fails, because elements three and four are insufficiently pleaded. The less forceful argument concerns element four: "Plaintiff's TDCA claim fails because Plaintiff cannot show that any wrongful act was committed against her." Def.'s Reply to Pl.'s Opp.'s to Mot. Dismiss 3, ECF No. 17. This argument fails. Plaintiff's First Amended Complaint sufficiently alleges that the threats were directed at her. *See* First Amend. Compl. 8–11. Moreover, Defendant cites no authority for the proposition that the wrongful act must be directed at the obligor of the Note for a violation of the TDCA to be actionable.

Defendant's main argument is directed at element three: the commission of a wrongful act. According to Defendant, Plaintiff's TDCA claim also fails, because "Section 392.301(b) expressly allows [Defendant] to exercise or threaten to exercise [its] contractual right of seizure, repossession, or sale." Mot. Dismiss 9. Thus, the argument goes, if no wrongful act was

-12-

committed, no viable TDCA claim exists. Section 392.301(b) provides that the TDCA "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3); *accord. Mann v. Bank of New York Mellon*, No. 4:12–CV–2618, 2013 WL 5231482, at *5 (S.D. Tex. Sept. 16, 2013). At Defendant's request, the Court takes judicial notice of a prior ruling by United States District Judge Kathleen Cardone finding that Defendant is entitled to enforce the Note and the Deed of Trust encumbering the Property.[9] Therefore, even if Defendant's non–judicial sale was procedurally defective, Defendant had a contractual right to seize or repossess the Property, and any "threats" to do so were not prohibited by law.

There is, however, another wrongful act alleged by Plaintiff as a predicate for a Section 392.301(a)(8) violation. Namely, Plaintiff asserts that Defendant began a "Forcible Entry and Detainer Action" against Plaintiff supported by a "'Trustee's deed' which . . . [did] not bear the real signature of the substitute trustee," and bearing a fraudulent notary's verification because the substitute trustee did not personally appear before the notary. First Amend. Compl. 8–10. Although it is unclear, Plaintiff appears to allege that Defendant or its agents threatened Plaintiff with forcible eviction relying on fraudulent documents, and that such an action is "prohibited by law." Plaintiff obliquely references Texas Civil Practice and Remedies Code § 12.002 ("Section 12.002") presumably to support the allegation that the threatened action is "prohibited by law." *See id.* at 10–11 ("A party may not use a document knowing that the document is a fraudulent claim against real property with the intent to cause an elderly person financial injury or mental anguish and emotional distress." (citing Tex. Civ. Prac. & Rem. § 12.002)).

Section 12.002 of the Texas Civil Practice and Remedies Code provides that:

---

[9] *See Fern L. Gillespie and Carol L. Reeves v. Wells Fargo Home Mortgage, et al.*, EP–10–CV–00240–KC, at 9–11 (W.D. Tex. May 05, 2012) (order granting summary judgment), ECF No. 79. A copy of Judge Cardone's order is attached as Exhibit D to Defendant's Motion to Dismiss.

[a] person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

    (A) physical injury;

    (B) financial injury; or

    (C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. § 12.002(a). Even construing Plaintiff's assertions as alleging that Defendant knew documents used to support the forcible eviction action were defective, Plaintiff's bare assertions are conclusory. Plaintiff's allegations about Defendant's knowledge are speculative at best, as no facts are provided that would show Defendant or its agents had the knowledge or intent described in Section 12.002. Thus, the allegations as pleaded do not allow the Court to draw a reasonable inference that Defendant threatened to take an action prohibited by law in violation of the TDCA Section 392.301(a)(8). Plaintiff's TDCA claim is therefore dismissed without prejudice.

### 3. Economic Loss

Plaintiff's third cause of action, labeled "Economic Loss," is alleged as "a tort claim." *See* First Amend. Compl. 11–12 (stating "as here, where the defendant's conduct gives rise to liability independent of any contract, a tort claim results, and the economic loss rule applies to real estate actions"). Plaintiff alleges that as "the result of [Defendant's] negligence in conducting a non–judicial foreclosure sale when it knew it had not followed the requisite steps of

notice, [Plaintiff] was damaged by the loss of $80,000 in her equity in her home." First Amend. Compl. 12. But as Plaintiff herself notes, Defendant's "contract is with [Plaintiff's] mother, and [Plaintiff] is not a party to the contract. Consequently, [Plaintiff] only ha[s] an action in tort." *Id.* Therefore, despite Plaintiff's assertions to the contrary, the Texas "economic loss" rule is inapplicable to the present action. *See, e.g., Hininger v. Case Corp.*, 23 F.3d 124, 126 (5th Cir. 1994) (explaining that the "economic loss" rule requires plaintiffs to recover their economic losses resulting from the breach of contractual obligations in contract rather than in tort); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991) (same). Accordingly, the Court construes Plaintiff's third cause of action as a negligence claim sounding in tort.

To pursue a claim for negligence under Texas law, Plaintiff must assert (1) the existence of a legal duty, (2) breach of that duty, and (3) damages proximately caused by the breach. *See Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 652 (N.D. Tex. 2014) (citing *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005)). Defendant's Motion to Dismiss challenges the sufficiency of the First Amended Complaint as to element one: the existence of a legal duty. According to Defendant, "Plaintiff plead[ed] no facts which would show that [Defendant] owed [Plaintiff] any legal duty." Mot. Dismiss 10.

"A duty represents a legally enforceable obligation to conform to a particular standard of conduct." *Fitzpatrick v. Copeland*, 80 S.W.3d 297, 302 (Tex. App.—Fort Worth 2002, pet. denied) (citations omitted). "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (citations omitted). "Courts examining whether a legal duty exists under Texas law look to three predominant factors: '(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations.'" *Tomdra Investments, L.L.C. v. CoStar Realty Info., Inc.*, 735 F. Supp. 2d 528,

534 (N.D. Tex. 2010) (quoting *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 34 (Tex. 2002)).

Plaintiff's First Amended Complaint does not allege sufficient facts to show the existence of a legal duty owed by Defendant to Plaintiff. *See id.* (dismissing negligence claim where plaintiff did not show the existence of a legal duty). At best, the First Amended Complaint alleges that (1) Plaintiff has an ownership interest in the Property and (2) Defendant sought to evict Plaintiff from the Property. Plaintiff does not explain where in this dynamic a duty arises sufficient to support a negligence claim. Plaintiff also fails to cite, and the Court is unaware of, any authority placing the relationship between Plaintiff and Defendant outside the general rule that Texas law imposes no duty to take action to prevent harm to others. *See, e.g., Fareed v. Accreditation Council for Graduate Med. Educ.*, 903 F. Supp. 2d 492, 498–99 (S.D. Tex. 2012) (dismissing negligence claim where plaintiff did not allege the existence of a legal duty); *Ibanez v. Compass Bank*, No. CIV.A. M–12–68, 2012 WL 4434454, at *2–3 (S.D. Tex. Sept. 24, 2012) (same). Plaintiff's bare assertions are insufficient, and the negligence claim is therefore dismissed without prejudice.

**4. Legal Abuse Syndrome**

Plaintiff's fourth cause of action, labeled "Legal Abuse Syndrome," alleges that some of Plaintiff's claimed harms are "typical of what is known as a silent psychiatric disorder of Legal Abuse Syndrome, a form of post[–]traumatic distress order." First Amend. Compl. 12. Defendant suggests that Plaintiff's fourth cause of action essentially asserts a claim for Intentional Infliction of Emotional Distress. *See* Mot. Dimiss 10. Plaintiff insists, however, that she has indeed "pleaded a claim for Legal Abuse Syndrome." Pl.'s Opp.'s to Mot. Dismiss 13, ECF No. 13. The Court is unaware of, and Plaintiff does not cite, any authority creating a "Legal Abuse Syndrome" cause of action under Texas law. Plaintiff has therefore failed to state a claim

upon which relief can be granted. Because any attempt to amend Plaintiff's pleadings to include a "Legal Abuse Syndrome" cause of action would be futile, the Court dismisses this claim with prejudice.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Carol Reeves' "Motion for Entry of Default" (ECF No. 9) is **DENIED**.

**IT IS ALSO ORDERED** that Defendant Wells Fargo Bank, N.A.'s "Motion to Dismiss and Brief in Support" (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Carol Reeves' claim for violation of the Texas Debt Collection Act is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Carol Reeves' claim for negligence is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Carol Reeves' claim for "Legal Abuse Syndrome" is **DISMISSED WITH PREJUDICE**.

**IT IS LASTLY ORDERED** that Defendant Wells Fargo Bank, N.A.'s "Motion to Dismiss and Brief in Support" (ECF No. 5) is **DENIED AS MOOT**.

So ORDERED and SIGNED this 17th day of December, 2014.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**